IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JUAN A. GARCIA                                                                         PETITIONER
Reg # 16710-074
vs.                             Civil Case No. 2:10CV00170-JLH-JTK

T.C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                                                           RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

This matter is before the undersigned United States Magistrate Judge of the District Court on the petition of federal prisoner Juan Garcia for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry # 1) Petitioner claims that he was deprived of his due-process rights during the disciplinary process because he does not understand English well and did not understand that he was waiving his right to a staff representative. He also contends that the loss of twenty-seven (27) days of good time is excessive and the result of discriminatory treatment against Hispanics in favor of African American inmates who

receive less sanctions for the same offense. Petitioner seeks restoration of twenty-seven (27) days of good-time credit and expungement of the stealing charge from his file. Respondent has filed a response contending that the Petition should be denied. (Docket Entry # 8) Petitioner filed a reply to the response. (Docket Entry #9)

## I. BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas (FCI-Forrest City). He pleaded guilty in the United States District Court for the Eastern District of Tennessee at Knoxville to conspiracy to distribute and possess with intent to distribute marijuana, aiding and abetting the possession with intent to distribute marijuana, and witness tampering, and he was ordered to serve 300 months' imprisonment. *United States v. Juan Garcia*, Case No. 3:99CR00006-001 (E.D. Tenn. Oct. 25, 1999). (Docket Entry #8-1, at 1-7)

The facts giving rise to this action are that, on August 30, 2009, Petitioner was stopped leaving the food service area of the prison with a one-pound pork chop in each sock and two pounds of pork chops concealed in his crotch. (Docket Entry #8-1, at 42) Petitioner was charged and found guilty of stealing and sanctioned to thirty (30) days of disciplinary segregation (suspended), disallowance of twenty-seven (27) days of good conduct time, 180 days of loss commissary/phone/visits (loss of phone suspended), and monetary restitution in the amount of $3.98. (Docket Entry #8-1, at 48)

Respondent admits Petitioner appealed the findings of the disciplinary hearing officer (DHO) through the Administrative Remedy Program, Docket Entry #8-1, at 53, and as such, that Petitioner has appropriately exhausted his administrative remedies. (Docket Entry #8, at 3)

## II. DISCUSSION

The deprivation of good time credits for a violation of a prison rule implicates liberty interests protected by the Due Process Clause. *See Espinoza v. Peterson*, 283 F.3d 949, 951 (8th Cir. 2002) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-58 (1974)). A prisoner facing a loss of good time credits is not, however, entitled to the full panoply of procedural safeguards that attend a criminal prosecution. *Wolff*, 418 U.S. at 556. To satisfy the constitutional requirement of due process, a prison disciplinary action must satisfy only the simple procedural requirements prescribed in *Wolff*, which include (1) advance written notice of the disciplinary charges at least 24 hours before the disciplinary hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement from an impartial decision maker identifying the evidence relied on and the reasons for the disciplinary action. *See Hrbek v. Nix*, 12 F.3d 777, 780-81 (8th Cir. 1993) (citing *Wolff*, 418 U.S. at 563-67); *Espinoza*, 283 F.3d at 951-52 (citing *Superintendent v. Hill*, 472 U.S. 445, 454 (1985)); *Allen v. Reese*, 52 Fed. App'x. 7, 8 (8th Cir. 2002) (unpublished opinion) (holding that federal prisoner's right to due process was satisfied, as he was given (i) written notice of the charges against him, (ii) the right to call witnesses, and (iii) a written report of

the DHO's decision).

The decision of the prison DHO is only required to be supported by "some evidence in the record." *Espinoza*, 283 F.3d at 951-52 (citing *Superintendent*, 472 U.S. at 454). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent*, 472 U.S. at 455-56. Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. *Id.* at 457; *see also Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir. 1997) ("When inmates are entitled to due process before being disciplined, they must receive: (1) advance written notice of the charges; (2) an opportunity to present evidence in their defense; (3) a written statement by the fact finder of the reasons for the action; and (4) a decision supported by some evidence in the record.").

Here, it is not necessary to determine whether Petitioner was denied a staff representative or whether he waived the right to a staff representative as the Due Process Clause was not offended by any denial of a staff representative. There is no general constitutional right of a prison inmate to have a staff representative in disciplinary proceedings. *See Hudson v. Hedgepeth*, 92 F.3d 748, 751 (8th Cir. 1996). Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will

be able to collect and present the evidence necessary for an adequate comprehension of the case." *See Wolff*, 418 U.S. at 570; *Hudson*, 92 F.3d at 751. Petitioner makes no allegation that he is illiterate, and the issues involved in this case were not complex. Thus, the Court concludes that this claim is without merit.

In addition, Petitioner alleges that the DHO, a former case manager at the unit, acted in a vengeful and capricious manner against him based on a "prior negative episode" in which Petitioner prevailed. (Docket Entry #9, at 3) He further claims that the food service cook supervisor gives "favoritism to African American inmate workers." *Id*. at 4. Petitioner claims both of these men neglected to put forth honest efforts in the performance of their duties. Both claims lack merit.

Disciplinary hearing officers are "entitled to a presumption of honesty and integrity." *See Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citing *Withrow v. Larkin*, 421 U.S. 34, 47 (1975)). Consequently, "the constitutional standard for impermissible bias is high." *Id.* (citing *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 821 (1986)). For a petitioner to be entitled to relief on a claim that the DHO was biased, he must show that the officer's conduct "gave [the officer] an interest adverse to the [the inmate's] 'so direct, personal and substantial as to give rise to a due-process violation.'" *See Ivy v. Moore*, 31 F.3d 634, 635 (8th Cir. 1994) (quoting *Dace v. Mickelson*, 797 F.2d 574, 578 n.6 (8th Cir. 1986)). The sanctions imposed against Petitioner for stealing were within the permissible range, and the Court finds that Petitioner's allegations do not show that the DHO's conduct gave him an interest adverse

to Petitioner's interests so direct, personal, and substantial as to give rise to a due process violation. Additionally, based on the information before the Court, there is likewise no indication of favoritism. The food service supervisor stopped Petitioner as he left the food service area. He asked Petitioner what he was hiding, and Petitioner acknowledged that he had some pork chops. Thereafter, the supervisor wrote the report that led to the stealing charge. These facts do not show favoritism based on race.

### III. CONCLUSION

Based on the foregoing, the application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket Entry #1) is dismissed, and the relief requested denied.

IT IS SO ORDERED this 27th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE